DeMOSS, Circuit Judge,
specially concurring;
I concur in the result but not the reasoning of this opinion. In my view, this case involves an arrest that should never have been made and a suit that should never have been filed. First of all, Officers Ferrie and Walling should know precisely what evidence is required by the prosecuting attorney for their jurisdiction in order to accept a borderline case for prosecution. This is a borderline case because there has never been a decision in any Texas court which held that carrying a handgun in the trunk of a car is a violation of Texas Penal Code Ann. § 46.02(a). What Officers Ferrie and Walling could have done (and in my opinion *331 should have done) was to have made detailed notations as to all of the factual information and circumstances presented by this incident and then discussed the facts involved with the prosecuting attorney as to whether he would accept the case for prosecution. If the prosecutor had said yes, they then could have sworn out an arrest warrant based on the facts which they noted down and arrested Ms. Sorenson pursuant to that warrant. There were not in my mind any exigent circumstances necessitating an arrest on the spot.
On the other hand, Sorenson really did not suffer any significant injury or damage as a result of this unnecessary arrest. While her claim is phrased in the language of a constitutional violation, the absence of any real or lasting injury puts her claim in a class which does not warrant consideration by the federal courts. I sympathize with Sorenson’s feelings of aggravation about this incident, but life is full of aggravations of all sorts and the Constitution cannot possibly provide relief in all such cases.